FILED
08 MAR 11 PM 2:47
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury '08 CR 0710 DMS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MICAH BACHMAN, aka Tyler Jefferies, Defendant. | Criminal Case No. ______________ INDICTMENT Title 18, U.S.C., Sec. 1344 - Bank Fraud; Title 18, U.S.C., Sec. 1014 - False Statements on Loan Applications; Title 42, U.S.C., Sec. 408(a)(7)(B) - False Use of Social Security Account Number; Title 18, U.S.C., Sec. 1956(a)(1)(A)(i) -- Money Laundering; Title 18, U.S.C., Sec. 1001 - False Statements to Federal Officer; Title 18, U.S.C., Sec. 1028A(a)(1) - Aggravated Identity Theft; Title 18, U.S.C., Sec. 2 - Aiding and Abetting |

The grand jury charges:

Counts 1 - 4

[18 U.S.C. §§ 1344, 2]

1. Beginning at a date unknown to the Grand Jury, but at least by on or about April 13, 2007, until August 16, 2007, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, knowingly executed and attempted to execute a material scheme to defraud JP Morgan Chase, a federally insured financial institution, and Flagstar Bank, a federally insured financial institution, and to obtain money and funds owned by or under the custody or control of JP Morgan Chase and Flagstar Bank, by means

MDD:nlv:San Diego
3/11/08

of materially false and fraudulent pretenses, representations and promises, in connection with the purchase by defendant of the residence located at 21732 Rushford Drive, Lake Forest, California.

Scheme to Defraud

2. It was part of the scheme to defraud that defendant MICAH BACHMAN created the false identity of Tyler Jefferies.

3. It further was part of the scheme to defraud that defendant MICAH BACHMAN, aka Tyler Jefferies, fraudulently obtained a social security account number assigned to a child in Kentucky to use in building a credit history for Tyler Jefferies.

4. It further was part of the scheme to defraud that defendant MICAH BACHMAN created a false identification document for Tyler Jefferies: a fake driver's license which appeared to be issued by the State of New Mexico.

5. It further was part of the scheme to defraud that on or about April 13, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, opened an account with Bank of America in the name of Tyler Jefferies and using a false social security account number.

6. It further was part of the scheme to defraud that on or about April 23, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, opened an account with Wells Fargo Bank in the name of Tyler Jefferies and using a false social security account number.

7. It further was part of the scheme to defraud that on or about April 24, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, to obtain a favorable credit history for the Tyler Jefferies identity, applied for, obtained and used a credit card in the name of Tyler Jefferies from Bank of America using a false social security account number.

8. It further was part of the scheme to defraud that on or about May 2, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, to obtain a favorable credit history for the Tyler Jefferies identity, applied for, obtained and used a credit card in the name of Tyler Jefferies from Wells Fargo Bank using a false social security account number.

9. It further was part of the scheme to defraud that on or about June 12, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, filed a fictitious business statement with the Orange County Clerk in Santa Ana, California, registering Business Technologies as a fictitious business name for Tyler Jefferies and falsely stated that he was doing business in that name beginning on March 14, 1997.

10. It further was part of the scheme to defraud that on or about June 21, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, to obtain a motorcycle for his use and a favorable credit history for Tyler Jefferies, applied for and obtained a loan from HSBC in the name of Tyler Jefferies using a false social security account number.

11. It further was part of the scheme to defraud that in or about late June 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, entered into negotiations to purchase the residence located at 21732 Rushford Drive, Lake Forest, California.

12. It further was part of the scheme to defraud that on or about June 29, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, applied to Ocean Mortgage, 5858 Mt. Alifan Drive, San Diego, California, to fund his purchase of 21732 Rushford Drive, Lake Forest, California, presented his fake New Mexico driver's license as proof of identity and provided a false security account number for "Tyler Jefferies."

13. It further was part of the scheme to defraud that on or about July 2, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, obtained a business license from the City of Irvine, California, for Business Technologies, Inc.

14. It further was part of the scheme to defraud that on or about July 6, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, agreed to purchase the residence at 21732 Rushford Drive, Lake Forest, California for $950,000.

15. It further was part of the scheme to defraud that on or about July 6, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, using the name Tyler Jefferies, a fake New Mexico driver's license in the name of Tyler Jefferies and a false social security account number, applied to Wells Fargo Bank for a business account and business credit card for "BTI Services, Inc."

16. It further was part of the scheme to defraud that on or about July 7, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, to create a favorable credit history for the Tyler Jefferies identity and for Business Technologies, applied for, obtained and used a credit card in the name of Tyler Jefferies on behalf of Business Technologies, Inc., from JP Morgan Chase, using a false social security account number.

17. It further was part of the scheme to defraud that on or about July 9, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, used a convenience check from the fraudulently obtained credit card account at Bank of America described at paragraph 7 above, to borrow $1,600.00 from that account and deposit the same in the Bank of America checking account in the name of Tyler Jefferies identified at paragraph 5 above.

18. It further was part of the scheme to defraud that on or about July 9, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, issued a check to West Coast Escrow for $1,000.00 as earnest money toward the purchase of 21732 Rushford Drive, Lake Forest, California, from the Bank of America checking account identified at paragraphs 5 and 17 above.

19. It further was part of the scheme to defraud that on or about July 10, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, to obtain a favorable credit history for the Tyler Jefferies identity, applied for, obtained and used a credit card in the name of Tyler Jefferies from Citibank using a false social security account number.

20. It further was part of the scheme to defraud that on or about July 11, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, to obtain a favorable credit history for Business Technologies, Inc., applied for, obtained and used a credit card in the name of Business Technologies, Inc., from Bank of America.

21. It further was part of the scheme to defraud that on or about July 11, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, to obtain a favorable credit history for the Tyler Jefferies identity, applied for, obtained and used a credit card in the name of Tyler Jefferies from JP Morgan Chase using a false social security account number.

22. It further was part of the scheme to defraud that on or about July 12, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, to obtain a favorable credit history for Business Technologies, Inc., applied for, obtained and used a credit card in the name of Business Technologies, Inc., from Bank of America.

//

23. It further was part of the scheme to defraud that on or before July 27, 2007, in addition to continuing to use a false social security account number, defendant MICAH BACHMAN, aka Tyler Jefferies falsely claimed to Ocean Mortgage, for use in a loan application, that his monthly salary from his employment with Business Technologies, Inc., was $21,200 when, in fact, he derived no income from Business Technologies, Inc.

24. It further was part of the scheme to defraud that on or before July 27, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, provided false documents to Ocean Mortgage for use in connection with loan applications reflecting that he had an account with Globaltek Financial Services containing assets worth approximately $316,000, when, in fact, there were no such assets.

25. It further was part of the scheme to defraud that on or before July 27, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, provided a letter purportedly from a tax preparer falsely verifying that "Tyler Jefferies" was self-employed by Business Technologies, Inc., and filed IRS Schedule 1120 forms for over seven years, to Ocean Mortgage to use in connection with his loan applications.

26. It further was part of the scheme to defraud that on or about August 16, 2007, defendant MICAH BACHMAN, aka Tyler Jefferies, obtained a primary mortgage loan from JP Morgan Chase in the amount of $760,000 and a secondary mortgage loan from Flagstar Bank in the amount of $190,000 to fund his purchase of the residence located at 21732 Rushford Drive, Lake Forest, California.

//

//

//

Execution of Scheme to Defraud

27. On or about the dates set forth below, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, executed and attempted to execute the material scheme to defraud and to obtain money under the control of Flagstar Bank and JP Morgan Chase, both federally insured financial institutions, by means of materially false pretense, representations and promises as alleged herein as follows:

| Count | Date | Execution |
|---|---|---|
| 1 | July 27, 2007 | Defendant MICAH BACHMAN, aka Tyler Jefferies, caused a loan application and supporting documents to be sent by facsimile from 858-715-0275, within the Southern District of California, to the offices of Flagstar Bank in Troy, Michigan. |
| 2 | August 8, 2007 | Defendant MICAH BACHMAN, aka Tyler Jefferies, caused a loan application and supporting documents received at the offices of Ocean Mortgage, San Diego, California, within the Southern District of California, to be transmitted to the offices of JP Morgan Chase in Orange County, California. |
| 3 | August 15, 2007 | Defendant MICAH BACHMAN, aka Tyler Jefferies, signed a loan application for a residential mortgage with Flagstar Bank at the offices of West Coast Escrow in Irvine, California. |
| 4 | August 15, 2007 | Defendant MICAH BACHMAN, aka Tyler Jefferies, signed a loan application for a residential mortgage with JP Morgan Chase at the offices of West Coast Escrow in Irvine, California. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

//

//

//

Count 5

[18 U.S.C. § 1014]

On or about July 27, 2007, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, knowingly made material false statements for the purpose of influencing the actions of Flagstar Bank, the accounts of which are insured by the Federal Deposit Insurance Corporation, upon an application for a mortgage loan for the residence located at 21732 Rushford Drive, Lake Forest, California, signed by the defendant at closing on or about August 15, 2007, by falsely stating, among other things, that defendant's name was Tyler Jefferies; that his monthly income from employment with Business Technologies, Inc., was $21,200; that he had an account with Globaltek Financial Services containing assets valued at approximately $316,000; and, that his social security account number was 402-xx-xxxx, when, in fact, his name is MICAH BACHMAN; he received no income from Business Technologies, Inc., because, among other things, it had no revenue; Globaltek Financial Services held no assets for anyone; and the social security account number assigned to him is 585-xx-xxxx; in violation of Title 18, United States Code, Section 1014.

Count 6

[18 U.S.C. § 1014]

On or about August 8, 2007, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, knowingly made material false statements for the purpose of influencing the actions of JP Morgan Chase, the accounts of which are insured by the Federal Deposit Insurance Corporation, upon an application for a mortgage loan for the residence located at

21732 Rushford Drive, Lake Forest, California, signed by the defendant at closing on or about August 15, 2007, by falsely stating, among other things, that defendant's name was Tyler Jefferies; that his monthly income from employment with Business Technologies, Inc., was $19,200; that he had an account with Globaltek Financial Services containing assets valued at approximately $316,000; and, that his social security account number was 402-xx-xxxx, when, in fact, his name is MICAH BACHMAN; he received no income from Business Technologies, Inc., because, among other things, it had no revenue; Globaltek Financial Services held no assets for anyone; and the social security account number assigned to him is 585-xx-xxxx; in violation of Title 18, United States Code, Section 1014.

Count 7

[42 U.S.C. §408(a)(7)(B)]

On or about July 27, 2007, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, for the purpose of receiving something of value, knowingly and with intent to deceive falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to him when, in fact, as the defendant knew, such number was not the number assigned by the Commissioner of Social Security to him, in connection with an application for a mortgage loan through Ocean Mortgage, 5858 Mt. Alifan Drive, San Diego, California, to JP Morgan Chase and Flagstar Bank; in violation of Title 42, United States Code, Section 408(a)(7)(B).

//

//

//

Count 8

[18 U.S.C. §1028A(a)(1)]

Beginning on or about April 13, 2007 and continuing to and including August 16, 2007, within the Southern District of California, defendant MICAH BACHMAN, aka Tyler Jefferies, during and in relation to a felony violation of Title 18, United States Code, Section 1344, as charged in Count 1 above, knowingly used, without lawful authority, a means of identification of another person, to wit, the social security account number of another person; in violation of Title 18, United States Code, Section 1028A(a)(1).

Count 9

[18 U.S.C. §1028A(a)(1)]

Beginning on or about April 13, 2007, and continuing to on or about August 16, 2007, within the Southern District of California, defendant MICAH BACHMAN, aka Tyler Jefferies, during and in relation to a felony violation of Title 18, United States Code, Section 1344, as charged in Count 2 above, knowingly used, without lawful authority, a means of identification of another person, to wit, the social security account number of another person; in violation of Title 18, United States Code, Section 1028A(a)(1).

Count 10

[18 U.S.C. §1028A(a)(1)]

On or about July 27, 2007, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, during and in relation to a felony violation of Title 18, United States Code, Section 1014, as charged in Count 5 above, knowingly used, without lawful authority, a means of identification of another person, to wit, the social security account number of

another person; in violation of Title 18, United States Code, Section 1028A(a)(1).

Count 11

[18 U.S.C. §1028A(a)(1)]

On or about July 27, 2007, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, during and in relation to a felony violation of Title 18, United States Code, Section 1014, as charged in Count 6 above, knowingly used, without lawful authority, a means of identification of another person, to wit, the social security account number of another person; in violation of Title 18, United States Code, Section 1028A(a)(1).

Count 12

[18 U.S.C. § 1956(a)(1)(A)(i)]

On or about July 11, 2007, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, with intent to promote the carrying on of specified unlawful activity, to wit: bank fraud in violation of Title 18, United States Code, Section 1344, as charged at Counts 1 through 4 herein; conducted and attempted to conduct a financial transaction, to wit: providing a check in the amount of $1,000 to West Coast Escrow, Irvine, California, as earnest money for the purchase of real estate, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and which, in fact, involved the proceeds of specified unlawful activity, to wit: false statements on an application for a credit card issued by Bank of America to Tyler Jefferies on or about April 24, 2007, in violation of Title 18, United States Code, Section 1014, and credit card fraud

in violation of Title 18, United States Code, Section 1029(a)(2). All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

Count 13

[18 U.S.C. §1001]

On or about August 10, 2006, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: a federal criminal investigation regarding bank fraud and identity theft conducted by the United States Secret Service, knowingly and willfully made materially false, fictitious and fraudulent statements and representations to Special Agent Eugene Scherba of the United States Secret Service, specifically:

1. Defendant falsely identified himself as Jeffrey Provo when, as defendant knew, the defendant is not Jeffrey Provo; and
2. Defendant falsely stated that Globaltek Services has twelve employees and is in the business of mergers and acquisitions when, as defendant knew, Globaltek Services had no employees and generated no business.

All in violation of Title 18, United States Code, Section 1001.

Count 14

[18 U.S.C. §1001]

On or about August 25, 2006, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: a federal criminal investigation regarding bank fraud and identity theft conducted by

the United States Secret Service, knowingly and willfully made materially false, fictitious and fraudulent statements and representations to Special Agent Eugene Scherba of the United States Secret Service, specifically:

1. Defendant falsely identified himself as Jeffrey Provo when, as defendant knew, the defendant is not Jeffrey Provo; and
2. Defendant falsely stated that he did not know why Benjamin Coleman was the payee for three checks, for $10,000 each, issued from the Provo checking account when, as defendant knew, the checks were part of the distribution of the proceeds of fraudulent bank loans.

All in violation of Title 18, United States Code, Section 1001.

Count 15

[18 U.S.C. §1001]

On or about August 29, 2006, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: a federal criminal investigation regarding bank fraud and identity theft conducted by the United States Secret Service, knowingly and willfully made materially false, fictitious and fraudulent statements and representations to Special Agent Eugene Scherba of the United States Secret Service, specifically:

1. Defendant falsely identified himself as Jeffrey Provo when, as defendant knew, the defendant is not Jeffrey Provo; and
2. Defendant falsely stated that Agent Scherba should not contact defendant, in the guise of Jeffrey Provo, except through an unidentified attorney when, as defendant knew,

defendant had unlawfully used the identification of Jeffrey Provo to obtain a fraudulent bank loan and credit in the name of Globaltek Services and, in truth and in fact, was attempting to delay and frustrate the investigation into the Globaltek Services loans.

All in violation of Title 18, United States Code, Section 1001.

Count 16

[18 U.S.C. §1028A(a)(1)]

On or about August 10, 2006, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, during and in relation to a felony violation of Title 18, United States Code, Section 1001, as charged at Count 13 above, knowingly used, without lawful authority, a means of identification of another person, to wit, the name of Jeffrey Provo; in violation of Title 18, United States Code, Section 1028A(a)(1).

Count 17

[18 U.S.C. §1028A(a)(1)]

On or about August 25, 2006, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, during and in relation to a felony violation of Title 18, United States Code, Section 1001, as charged at Count 14 above, knowingly used, without lawful authority, a means of identification of another person, to wit, the name of Jeffrey Provo; in violation of Title 18, United States Code, Section 1028A(a)(1).

//

//

//

//

Count 18

[18 U.S.C. §1028A(a)(1)]

On or about August 29, 2006, within the Southern District of California and elsewhere, defendant MICAH BACHMAN, aka Tyler Jefferies, during and in relation to a felony violation of Title 18, United States Code, Section 1001, as charged at Count 15 above, knowingly used, without lawful authority, a means of identification of another person, to wit, the name of Jeffrey Provo; in violation of Title 18, United States Code, Section 1028A(a)(1).

DATED: March 11, 2008.

A TRUE BILL:

Foreperson

KAREN P. HEWITT
United States Attorney

By:
MITCHELL D. DEMBIN
Assistant U. S. Attorney